UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNDRICK CHARLES WATSON,

    Plaintiff,

v.                                          Case No. 8:20-cv-1283-T-60CPT

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WELLS FARGO BANK, N.A.'S COMBINED
(1) MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE,
(2) MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES, AND
(3) MOTION TO STRIKE IMPERTINENT ALLEGATIONS**

This matter is before the Court on "Defendant Wells Fargo Bank, N.A.'s Combined (1) Motion to Dismiss Amended Complaint with Prejudice, (2) Motion to Strike Prayer for Punitive Damages, and (3) Motion to Strike Impertinent Allegations and Incorporated Memorandum of Law," filed on September 22, 2020. (Doc. 32). On November 6, 2020, Plaintiff filed a response in opposition to the motion.[1] (Doc. 39). After reviewing the motion, response, court file, and the record, the Court finds as follows:

---

[1] On November 9, 2020, Plaintiff requested oral argument. (Doc. 40). That request is denied because the Court is able to resolve this motion without oral argument.

## Background[2]

Defendant Wells Fargo Bank, N.A. provides customers with banking, investment, mortgage, and consumer and commercial finance services and products, including checking and savings accounts. In 2019, Plaintiff Benndrick Charles Watson was in the process of opening an entertainment law firm. On April 8, 2019, he went to the Wells Fargo branch at 12253 W. Linebaugh Ave, Tampa, Florida 33626, to open a business account. Plaintiff first spoke with a Caucasian male employee who could not or otherwise refused to assist him and referred him to another employee, who treated him similarly. Plaintiff characterizes both employees as acting with a "hostile" demeanor. One of the employees went into the branch manager's office and spoke with the manager for several minutes. Upon exiting, the employee informed Plaintiff that he would need to speak with the branch manager to open an account.

Plaintiff did not understand why he needed to speak to three people to open an account, but he patiently explained his needs to the branch manager. According to Plaintiff, a few minutes into the conversation, the branch manager looked at him and uttered the n-word. Plaintiff, having been initially refused service and treated with hostility by the employees and now the manager, felt that he had no choice but to immediately leave the bank.

---

[2] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

**Analysis**

On June 4, 2020, Plaintiff filed his instant lawsuit asserting a single claim under 42 U.S.C. § 1981. On September 8, 2020, he amended his complaint, but he continues to assert a substantially similar or identical claim. Defendant moves to dismiss the amended complaint, arguing that Plaintiff has failed to and cannot state a discrimination claim under § 1981. Defendant additionally moves to strike irrelevant

and scandalous allegations in the amended complaint, along with Plaintiff's request for punitive damages.

*Motion to Dismiss*

Defendant argues that the amended complaint should be dismissed because Plaintiff has failed to and cannot state a claim for relief. Specifically, Defendant contends that Plaintiff was not prevented from opening a business account.

Defendant implores the Court to consider the allegations of the original complaint rather than the amended complaint, arguing that the allegations of the two complaints are inconsistent because the amended complaint omits numerous allegations set forth in the original complaint. Upon review, it does not appear to the Court that the pleadings were manipulated to avoid a dispositive defense. *See Fernandez v. Sch. Bd. of Miami-Dade Cty.*, 201 F. Supp. 3d 1353, 1361 (S.D. Fla. 2016) (considering prior pleadings where plaintiff directly contradicted facts set forth in original complaint to avoid a dispositive defense). As such, the Court considers the well-pleaded facts of the amended complaint.

To state a claim for relief under § 1981, a plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities numerated in the statute. *See, e.g.*, *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171-72 (11th Cir. 2016); *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). Here, Plaintiff clearly alleges that he is a member of a racial minority – specifically, that he is African American. (Doc. 28 at ¶ 6). He generally alleges that Defendant intended to discriminate against him on the basis of his race. (*Id.* at ¶¶ 45-

54). In addition, Plaintiff specifically alleges that the branch manager referred to him "using the highly offensive racial slur 'nigger,' which, if true, constitutes direct evidence of discriminatory intent." *See Kinnon*, 490 F.3d at 891.

It therefore appears the only issue presented here is whether Plaintiff was subjected to discrimination with respect to certain activities enumerated under § 1981. In this case, Plaintiff alleges that the discrimination concerned his ability to make and enforce contracts – namely, his ability to open a business account at the bank on the same terms as those enjoyed by white persons. (*Id.* at ¶¶ 46-49). He specifically alleges that three of Defendant's employees, including a branch manager, refused to allow him to open a business account. He alleges that the branch manager called him a racial slur while he attempted to open a business account. Plaintiff also asserts that, based on the conduct of the branch manager and employees, he had no choice but to leave. Plaintiff has therefore alleged the loss of an actual contractual interest. This is enough to state a claim for relief under § 1981. *See, e.g.*, *Middleton v. Wells Fargo Bank, N.A.*, No. 1:19-CV-05435-CAP, 2020 WL 4344431, at *5 (N.D. Ga. July 24, 2020) (denying Wells Fargo's motion to dismiss § 1981 claim and holding plaintiff's allegation that Wells Fargo refused to cash check based on race sufficed to plausibly allege violation of right to make and enforce contract); *Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280, 305 (D. Conn. 2017) (denying bank's motion to dismiss § 1981 claim by customer alleging bank closed accounts); *Johnson v. Nat'l City Bank Corp.*, No. 3:09CV490-S, 2010 WL 569844, at *2 (W.D. Ky. Feb. 12, 2010) (holding allegation that customer sought to cash a check at bank sufficed to show customer sought to make or enforce contract for services ordinarily provided by bank).

The Court is not persuaded by the case law cited by Defendant, which address § 1981 claims at the summary judgment and post-trial stages of the proceedings.³ Furthermore, Defendant's argument that Plaintiff's case should be dismissed with prejudice because he was able to open an account with *another* financial institution is unavailing. *See, e.g., Kelly v. Bank Midwest, N.A.*, 161 F. Supp. 2d 1248, 1255-58 (D. Kan. 2001) (explaining that § 1981 claim is actionable where different conditions are placed on the plaintiff even if the plaintiff is able to eventually enter into contractual agreement); *Middleton*, 2020 WL 4344431, at *5 (denying Wells Fargo's motion to dismiss § 1981 claim even though she was able to eventually cash her check with same institution that day).

Defendant further argues that it cannot be liable under the doctrine of respondeat superior for the acts of its branch manager and employees, including the branch manager's use of a racial epithet. However, some courts have held that "an employer may be held liable even for racial epithets unexpectedly uttered by its non-supervisory employees under general agency principles where the remarks are made in the normal course of business and while the particular employee is conducting normal duties." *See Soloman v. Waffle House, Inc.*, 365 F. Supp. 2d 1312, 1328-29 (N.D. Ga. 2004) (citing *Arguello v. Conoco, Inc.*, 207 F.3d 803, 810 (5th Cir. 2000)).  In

---

³ The Court notes that in order to survive a motion for summary judgment or sustain a trial verdict in his favor, Plaintiff will need to prove that he was actually denied the ability to make, perform, enforce, modify, or terminate a contract based on Defendant's conduct.  If the evidence shows that Plaintiff was the party that opted not to contract with Wells Fargo, he will probably not prevail on his claim.  *See Bagley v. Ameritech Corp.*, 220 F.3d 518, 521 (7th Cir. 2000).  However, Plaintiff has alleged that although he tried to complete the transaction, Defendant refused to proceed through conduct of its employees.  At this stage of the proceedings, Plaintiff has done enough to overcome the motion to dismiss.  *See Kinnon*, 490 F.3d at 892.

this case, Plaintiff alleges that the racial epithet was uttered not by a non-supervisory employee, but by the branch manager, as Plaintiff attempted to open a business account at the branch.

Although it is unclear whether the Eleventh Circuit would adopt this less restrictive view of respondeat superior liability, applying common law agency principles,[4] and viewing the facts in light most favorable to Plaintiff, it appears that the employees and branch manager were acting within the scope of their employment when they refused to open a business account for Plaintiff, and when the branch manager uttered a racial epithet during his conversation with Plaintiff. The motion to dismiss is due to be denied.

*Motion to Strike Impertinent Allegations*

Defendant seeks to strike several impertinent and scandalous allegations of the amended complaint. Although Plaintiff does not agree with Defendant's position, he does not oppose striking the introduction section of the amended complaint and paragraphs 22 through 42. As such, the motion to strike is granted as to those allegations.

*Motion to Strike Punitive Damages*

Defendant also seeks to strike Plaintiff's request for punitive damages. Plaintiff again indicates that he disagrees with Defendant's position, but he does not oppose striking his request for punitive damages. As such, the motion to strike is granted as to the request for punitive damages.

---

[4] *See* Restatement (Second) of Agency § 219.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Wells Fargo Bank, N.A.'s Combined (1) Motion to Dismiss Amended Complaint with Prejudice, (2) Motion to Strike Prayer for Punitive Damages, and (3) Motion to Strike Impertinent Allegations and Incorporated Memorandum of Law" (Doc. 32) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that the introduction section of the amended complaint and paragraphs 22 through 42 are **STRICKEN**.

3. The motion is **FURTHER GRANTED** to the extent that Plaintiff's request for punitive damages is **STRICKEN**.

4. The motion is otherwise **DENIED**.

5. Defendant is directed to file an answer on or before December 16, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of December, 2020.

                                                    **TOM BARBER**
                                                    **UNITED STATES DISTRICT JUDGE**